**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5097

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLTON WAYNE BROOKSHIRE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (CR-04-675)

Submitted:  October 28, 2005          Decided:  March 29, 2006

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carlton Brookshire appeals the sentence imposed after he pleaded guilty to one count of armed bank robbery. Brookshire argues that the district court erred in determining that he was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2003) and that application of the sentencing enhancement violated the Sixth Amendment.

The district court held a sentencing hearing on November 8, 2004. After hearing argument on the career offender issue, the district court found that Brookshire was a career offender and denied Brookshire's objections. Brookshire was sentenced to a 188-month term of imprisonment. In accordance with this court's decision in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated, 125 S. Ct. 1051 (2005), the court imposed an alternative sentence of 188 months.[*] Brookshire timely appealed.

Brookshire contends that his prior 1991 robbery convictions, committed on November 15, 1991, December 10, 1991, and December 24, 1991, are related. He argues they were related because they were part of a common scheme under the Sentencing Guidelines and functionally consolidated for sentencing and therefore count as one conviction for purposes of his career

_____

[*]The oral pronouncement at the sentencing hearing was an alternative sentence of sixteen years. However, the judgment indicates a 188-month sentence.

- 2 -

offender status.  He also argues that the district court had to make factual findings prohibited by United States v. Booker, 125 S. Ct. 738 (2005), to determine that the convictions were not related.

Pursuant to USSG § 4B1.1, a defendant is a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  USSG § 4B1.1(a).  Furthermore, for the purpose of counting a defendant's prior felony convictions under § 4B1.1, the guidelines direct a sentencing court to look to the provisions of § 4A1.2, which consider prior sentences in related cases as a single sentence. USSG § 4A1.2(a)(2).  Moreover, an application note to § 4A1.2 explains:  "[p]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."  USSG § 4A1.2, comment. (n.3).

The relevant factors in deciding whether offenses are part of a single common scheme or plan are whether the crimes:  (1) were committed within a short period of time; (2) were committed in close geographic proximity; (3) involved the same substantive

offense; (4) were directed at a common victim; (5) were solved during the course of a single criminal investigation; (6) shared a similar modus operandi; (7) were animated by the same motive; and (8) were tried and sentenced separately only because of an accident of geography. United States v. Breckenridge, 93 F.3d 132, 138 (4th Cir. 1996) (citations omitted). Not all of these factors must be present for there to be a common scheme or plan, nor does the presence of a few of them require that finding. Id. Temporal and geographic proximity are significant, but not determinative. Id. The same is true of a common motive or a single police investigation. Id. After reviewing the record and the circumstances regarding the three robbery offenses at issue, we conclude that the district court did not err in determining that Brookshire qualified as a career offender under the Sentencing Guidelines.

The district court found that the prior robberies occurred on three separate occasions with a different victim in each robbery, and that two of the three were also similar because a firearm was used. The court also heard argument on whether the prior robberies were the result of a single investigation.

We conclude that the district court's determination that the prior robberies were unrelated for sentencing purposes involved factual findings prohibited by Booker. In United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), the court held that whether

- 4 -

convictions were committed on different occasions did not require a jury factual finding to comply with the Sixth Amendment because the information was inherent in the convictions themselves. However, the court also limited this holding to situations where there is no need for "speculation regarding facts extraneous to the prior conviction." 421 F.3d at 286. Brookshire did not argue that his prior convictions occurred on the same occasion, see USSG § 4A1.2, comment. (n.3), as Thompson did. Nonetheless, the determinations the court made in Brookshire's case were similar in some ways to the determinations made by the court in <u>Thompson</u>, which resulted in a finding that application of the sentencing enhancement was not plainly erroneous. However, here, the district court also considered argument on whether the prior robberies were the product of a single investigation, the crimes were similar in nature because two of three involved a firearm, and who the victims of the crimes were. Consideration of these factors take the findings made by the court in Brookshire's case beyond the facts inherent in the prior robbery convictions.

In <u>United States v. Washington</u>, 404 F.3d 834, 842 (4th Cir. 2005), this court, applying the Supreme Court's decision in <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), held that relying on facts outside the indictment in order to conclude a prior conviction for burglary was a crime of violence that enhanced the defendant's offense level was plain error. Here, the district

court's necessary consideration of whether the crimes were directed at a common victim, were solved during the course of a single criminal investigation, and shared a similar modus operandi were facts extraneous to the conviction information contained in the Pre-sentence Report or other Shepard-approved documents. Therefore, although we affirm the district court's sentence as to the conclusion that Brookshire was a career offender under the Sentencing Guidelines, we vacate the remainder of the sentence and remand for re-sentencing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
